UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIMBERLY JORDAN,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**FCA US, LLC; and DOES 1 through 20,**<br><br>　　　　**Defendant.** | CASE NO. 1:19-cv-01527-AWI-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 8) |

## 1. Introduction

This lemon law lawsuit is about a consumer, Plaintiff Kimberly Jordan ("Plaintiff"), who allegedly purchased a defective car that was manufactured by Defendant FCA US, LLC ("Defendant"). Plaintiff initially filed this lawsuit in California state court, and then Defendant removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441, asserting that this Court has diversity jurisdiction because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff then moved this Court to remand the lawsuit back to California state court pursuant to 28 U.S.C. § 1447, arguing that this Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. Plaintiff's motion is now before the Court, and for the reasons discussed below, the Court will deny the motion.

## 2. Background

Plaintiff alleged in her complaint that she purchased a new but defective 2016 Dodge Dart, which was manufactured by Defendant. Based on these allegations, Plaintiff pleaded two causes of action against Defendant pursuant to California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"): first, breach of implied warranty of merchantability; and, second, breach of express warranty.

As for damages, Plaintiff alleged that "[t]he amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief." Doc. No. 1. Plaintiff also alleged that she

seeks damages from Defendant "for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." Id.  Plaintiff also alleged that "[t]he failure of Defendants . . . to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages." Id.

Defendant removed the lawsuit to this Court pursuant to 28 U.S.C. § 1332(a) on grounds that this Court has diversity jurisdiction because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff then moved this Court to remand the lawsuit back to California state court, arguing that the amount in controversy does not exceed $75,000.

## 3. Legal Standard

A federal district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).  It is presumed that a lawsuit lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

When a case is removed on the basis of diversity jurisdiction and the complaint is ambiguous as to the amount in controversy, then the removal proponent must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1998).  The proponent must provide evidence that establishes that it is more likely than not that the amount in controversy exceeds $75,000.  Guglielmino, 506 F.3d at 699; Sanchez, 102 F.3d at 404.

Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary," Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997), so a federal district court "must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

## 4.  Discussion

**A.  Plaintiff's arguments.**

The Court should remand this lawsuit back to California state court for two reasons. First, Defendant cannot demonstrate that the amount in controversy exceeds $75,000, meaning the Court lacks diversity jurisdiction. This is because the allegations in Plaintiff's complaint do not indicate that the amount in controversy exceeds $75,000, and the evidence presented by Defendant fails to prove that the amount in controversy exceeds $75,000. Second, even assuming that the Court has diversity jurisdiction over this lawsuit, the Court should nonetheless "veto" its exercise of diversity jurisdiction on grounds that the California state courts are better suited to handle Plaintiff's state law claims.

**B.  Defendant's arguments.**

The Court should not remand this lawsuit back to California state court because the Court has diversity jurisdiction. First, the allegations in Plaintiff's complaint indicate on their face that the amount in controversy is in excess of $75,000. Second, the evidence proves that the amount in controversy exceeds $75,000. In particular, the evidence proves that the repurchase amount of the car under the Song-Beverly Act is at least $29,526.70, which means that Plaintiff's potential actual damages are at least $29,526.70 and the potential civil penalty is at least $59,053.40, which together total $88,580.10. Finally, there is no legal support for Plaintiff's contention that the Court should decline to exercise its diversity jurisdiction simply because Plaintiff's claims are state law claims.

**C.  Discussion.**

The Court concludes that Defendant satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. For that reason, the Court will deny Plaintiff's motion to remand.

The Ninth Circuit has identified "different burdens of proof which might be placed on a removing defendant under varying circumstances." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). First, "where the state court complaint itself states damages in an amount sufficient to obtain federal diversity of citizenship jurisdiction, by way of removal, and the defendant does in fact remove the case to federal court, it would make very good sense to require proof to a legal certainty that the plaintiff cannot recover damages equal to or greater than the jurisdictional amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996). Stated slightly differently, "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino, 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez, 102 F.3d at 402). Second, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] we apply a preponderance of the evidence standard." Id. This means that "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." Sanchez, 102 F.3d at 404. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id.

Here, even if it were true that the complaint ambiguously pleaded the amount in controversy, Defendant nonetheless proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant presented evidence of the amount payable by Plaintiff for the vehicle,[1] which is a primary component of the actual damages sum for Plaintiff's Song-Beverly Act claims. See Cal. Civ. Code § 1793.2(d)(2)(B). Additionally, Defendant presented evidence of the amount of value directly attributable to use of the vehicle by Plaintiff, i.e., the "offset,"[2] which is another primary component of the actual damages sum. See id. at §

---

[1] For example, Defendant presented evidence indicating that Plaintiff paid $38,384.88 for the vehicle. See, e.g., Doc. No. 9-4.

[2] For example, Defendant presented evidence indicating that there is a mileage offset of $10,258.18 based on Plaintiff's use of the vehicle. See, e.g., Doc. No. 9-6.

1793.2(d)(2)(C).  This evidence presented by Defendant indicates that Plaintiff's potential actual damages sum amounts to at least $29,526.70.  Based on that figure, the civil penalty that Plaintiff seeks can potentially amount to at least $59,053.40, which is two times the actual damages sum.  See id. at § 1794(c) ("If the buyer establishes that the failure to comply was willful, the judgment may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed two times the amount of actual damages.").  Therefore, the evidence presented by Defendant indicates that the potential actual damages and civil penalty award that Plaintiff seeks can potentially amount to at least $88,580.10.  Accordingly, because Plaintiff failed to meaningfully refute the evidence presented by Defendant,[3] the Court concludes that the preponderance of the evidence proves that the amount in controversy exceeds $75,000.  See BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 553 (7th Cir. 2002) ("[T]he jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit.") (Posner, J.).

The Court rejects Plaintiff's "veto" or comity argument.  For one, Plaintiff provided no support for the proposition that a federal district court should decline to exercise its valid diversity jurisdiction simply because the lawsuit includes only state law claims.  For another, this Court has experience exercising its diversity jurisdiction over lawsuits and trials that include only California Song-Beverly Act claims.  See, e.g., Ramos v. FCA US LLC, Case No. 1:17-cv-00973-AWI-SKO.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to remand (Doc. No. 8) is DENIED.

IT IS SO ORDERED.

Dated:   October 9, 2020                             _____
                                                                      SENIOR  DISTRICT  JUDGE

---

[3] It is telling that Plaintiff did not even directly assert in its reply, to say nothing of showing with evidence, that it is untrue that Plaintiff paid $38,384.88 for the car.