1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY JORDAN, | Case No.  1:19-cv-01527-AWI-SAB |
| Plaintiff, | ORDER REQUIRING PARTIES FILE DISPOSITIONAL DOCUMENTS OR JOINT STATEMENT RE SETTLEMENT |
| v. | (ECF No. 21) |
| FCA US LLC, | |
| Defendant. | THIRTY DAY DEADLINE |

On October 9, 2020, the District Judge vacated the trial date in this matter and ordered the parties to attend a settlement conference.  (ECF No. 14.)  On November 17, 2020, a settlement conference was held but the parties did not reach settlement.  (ECF No. 17.)  On July 9, 2021, counsel for Plaintiff filed an *ex parte* declaration proffering that on or about November 23, 2020, Plaintiff and Defendant agreed to a settlement amount in this case; that Plaintiff's counsel has followed up with Defendant's counsel at least a dozen separate times requesting a release; and thus given the Defendant does not appear "serious in resolving this matter," Plaintiff requests a pretrial conference and trial date be set.  (ECF No. 19.)  On July 14, 2021, the Court issued an order requiring the parties to submit a joint status report concerning Plaintiff's declaration, and for the joint statement to be field with the understanding that if any party believes a settlement has been reached, the Court would be disinclined to set a trial date and would instead direct the party to file a motion to enforce settlement.  (ECF No. 20.)

On July 16, 2021, the parties filed a joint statement.  (ECF No. 21.)  Plaintiff simply

restates the position taken in the previously filed declaration, and requests a trial date despite the parties previously agreeing to a settlement amount.  (See ECF Nos. 19, 21.)  Defendant submits a statement that it "agrees that a settlement has been reached on this matter on or about November 24, 2020," but subsequently, "Defendant was notified by counsel for [Plaintiff's] lender, that she was in default of her loan, her vehicle was repossessed, and a lien would be issued after the sale of the vehicle."  (ECF No. 21 at 2.)  After the sale of the vehicle, a balance remains due, and because Plaintiff refuses to hold Defendant harmless against the lienholder, Defendant's counsel has been working with Plaintiff's attorney and the lienholder's attorney to resolve all matters. (Id.)  Defendant proffers that it believes the parties can work to an agreement without a trial date, and without further intervention from the Court.  (Id.)

Pursuant to Local Rule: "When an action has been settled or otherwise resolved by agreement of the parties . . . it is the duty of counsel to immediately file a notice of settlement or resolution."  L.R. 160(a); see also L.R. 160(b) ("Upon such notification of disposition or resolution of an action or motion, the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause.")  As the Court previously informed the parties, if a party believes that a binding settlement has been reached, but the other side disagrees or refuses to acknowledge a settlement or otherwise refuses to perform, then the appropriate course is to file a motion to enforce settlement.

Based on the parties' proffer that a settlement had been reached, and Defendant's proffer that the parties should be able to reach agreement without Court intervention, the Court shall direct the parties to further meet and confer regarding finalizing the settlement, and file either dispositional documents; a motion to enforce settlement; or a joint statement describing why the settlement is not enforceable under the previously provided legal authorities, along with a joint request to set a trial date, within thirty (30) days of entry of this order.  If the parties require additional time to confer with the nonparty lender's counsel, the parties may submit a request setting forth a proffer of good cause to extend the time to confer.

/ / /

1    Accordingly, IT IS HEREBY ORDERED that within thirty (30) days of entry of this

2 order, the parties shall file either: dispositional documents; a motion to enforce settlement; or a

3 joint statement describing why the settlement is not enforceable under the previously provided

4 legal authorities, along with a joint request to set a trial date.

5

6 IT IS SO ORDERED.

7 Dated:   __July 19, 2021__                    _____

8                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28