# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY JORDAN,<br><br>          Plaintiff,<br><br>     v.<br><br>FCA US, LLC,<br><br>          Defendant. | Case No. 1:19-cv-01527-AWI-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS<br><br>(ECF Nos. 25, 26, 27)<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff Kimberly Jordan initiated this action on October 28, 2019. (ECF No. 1.) On August 18, 2021, the parties submitted a notice of settlement. (ECF No. 23.) On August 19, 2021, the Court issued an order vacating all matters and requiring the parties to file dispositional documents within thirty days of entry of the order. (ECF No. 24.) As of March 1, 2022, the parties had not filed anything. Accordingly, the Court issued an order to show cause why monetary sanctions should not issue for the failure to comply with the Court's orders. (ECF No. 25.)

    Notably, this Court has now ordered the parties to file dispositional documents in this litigation twice. The first order to file dispositional documents followed the parties' July 16, 2021 "joint statement of settlement and setting trial date," in which the parties acknowledged a settlement agreement had been signed November 24, 2020, but Plaintiff nevertheless requested

the Court set a trial date and Defendant proffered it believed the parties could "work to an agreement without a trial date and without further intervention from the Court." (ECF Nos. 21, 22.) At that time, the parties explained that, after they had reached a settlement agreement, Defendant learned Plaintiff was in default of her loan, her vehicle was to be repossessed, and a lien would be issued after the sale of the vehicle. (ECF No. 21.) The parties further explained that a sale had occurred, an outstanding balance on the vehicle remained due, Plaintiff refused to hold Defendant harmless against the lienholder, and the parties were still attempting to resolve all matters. (ECF No. 21.) At that time, the Court reminded the parties that, pursuant to the Local Rules:

> When an action has been settled or otherwise resolved by agreement of the parties . . . it is the duty of counsel to immediately file a notice of settlement or resolution." L.R. 160(a); see also L.R. 160(b) ("Upon such notification of disposition or resolution of an action or motion, the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause.") As the Court previously informed the parties, if a party believes that a binding settlement has been reached, but the other side disagrees or refuses to acknowledge a settlement or otherwise refuses to perform, then the appropriate course is to file a motion to enforce settlement.

(ECF No. 22 at 2.) After again reminding the parties of their duty to notify the Court of settlement and file dispositional documents pursuant to Local Rule 160, the Court also directed the parties to

> further meet and confer regarding finalizing the settlement, and file *either* **dispositional documents**; a **motion to enforce settlement**; *or* a **joint statement describing why the settlement is not enforceable under the previously provided legal authorities, along with a joint request to set a trial date**, within thirty (30) days of entry of this order.

(Id. (emphasis added).) Further, the Court informed the parties that if they required additional time to confer with the nonparty lender's counsel, they would be permitted to submit a request setting forth a proffer of good cause to extend the time to confer. (Id.) Thus, the Court provided multiple options to the parties to facilitate the final settlement and adjudication of this matter. Of these options, the parties chose to file a notice of settlement, thus representing to the Court that

the matter had been finally settled.  (ECF No. 23.)  Yet, included in the notice of settlement was the parties' caveat that they did not intend to file dismissal papers until all settlement terms were completed and payment received, an estimated ninety days later.  (Id.)

The Court would have been justified in sanctioning the parties at this time for their willful disregard of the Court's directions in filing a notice that clearly did not comport with the Local Rules or the Court's order.  Nevertheless, the Court instead issued a second order to file dispositional documents, and a second reminder to the parties of their duty under Local Rule 160.  (ECF No. 24.)  In light of the parties failure to establish any good cause existed to grant a full ninety days to file dispositional documents, the Court instead permitted a more moderate extension of thirty days (rather than the twenty-one-day deadline established by the Local Rules).  (Id.)  Thus, on August 19, 2021, the Court directed the parties to complete the terms of the settlement agreement based on their previous filings and file dispositional documents within thirty days, *i.e.*, by September 20, 2021.  (Id.)

The parties did not file dispositional documents by September 20, 2021.

Accordingly, On March 1, 2022, the Court issued an order to show cause.  (ECF No. 25.)

On March 4, 2022, both parties filed "responses" to the Court's order to show cause.  (ECF Nos. 26, 27.)  These filings do not explain to the Court why the parties delayed over five months in filing their dispositional documents.  Instead, they rehash the prior dispute that occurred in July 2021 relating to Plaintiff's repossessed vehicle, her refusal to hold Defendant harmless, and the matter of the outstanding balance on the vehicle that remained due.  (Compare ECF No. 21 with ECF Nos. 26 and 27.)  While Defendant proffers the parties have now reached an agreement by which Defendant agreed to pay "reasonable attorneys' fees negotiated between the parties," it is clear that this agreement is not finalized, as Defendant also proffers the parties continue to debate what amount of fees would be "reasonable . . . in this case and . . . **a handful of other matters**."  (ECF No. 26 at 2 (emphasis added).)  Moreover, Defendant anticipates Plaintiff may file a motion for attorneys' fees.  (See id.)  Plaintiff echoes Defendant in her response but also requests the Court not dismiss this matter until all terms of the settlement have been met or Plaintiff has filed her fee motion.  (ECF No. 27.)

The only part of Plaintiff's response which appears even remotely responsive to the Court's order for an explanation as to why the parties have failed to file anything in this matter for over five months is Plaintiff's request that the Court not sanction the parties for their failure to file dispositional documents because the full terms of the settlement have not been met.[1]  (ECF No. 27 at 2.)  The last sentence of Defendant's filing is slightly less responsive, "respectfully request[ing] that this Court not sanction the parties while [they] work to resolve the attorney's fees portion of this matter."  (ECF No. 26 at 2.)  At bottom, it is unclear to this Court what diligence the parties have used, *if any*, to resolve the matters that appear to have been pending in this case since July 19, 2021 — and notably, nearly sixteen months after the parties signed their November 24, 2020 settlement agreement.  The parties' instant filings shed no light on this issue and are therefore not actually responsive to the Court's March 1, 2022 order.[2]

However, in this instance, having received filings from the parties in response to the Court's order to show cause, the Court shall discharge the order to show cause.  Nevertheless, the parties must file their dispositional documents by the new deadline, or the Court will issue sanctions.  Furthermore, the Court is not inclined to grant any further extensions of this deadline absent an extremely strong showing of good cause.  Finally, the parties are again reminded that, once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, the Court generally does not retain jurisdiction to oversee that the parties comply with the terms of the settlement.

///

///

///

---

[1] As to this point, the Court reminds the parties that generally, once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, the Court does not retain jurisdiction to oversee that the parties comply with the terms of the settlement.  Thus, Plaintiff's excuse that dispositional documents have not been filed due to lack of compliance with the terms of the settlement agreement is unavailing.

[2] The Court additionally notes Defense counsel, Clark Hill, is not unaware of this Court's position regarding timely filing dispositive documents in accordance with the Local Rules, having been advised as well as admonished on this very same issue in prior cases.  See, e.g., Teter v. FCA US LLC, No. 1:20-cv-01311-DAD-SAB (E.D. Cal. 2020) (reminder of Local Rules with two extensions of time to file dispositional documents); see also Regalado v. FCA US, LLC, No. 1:20-cv-00115-NONE-BAM (E.D. Cal. 2020) (order to show cause for failure to file dispositional documents).

Accordingly, IT IS HEREBY ORDERED that the March 1, 2022 order to show cause (ECF No. 25) is DISCHARGED.  Furthermore, the parties are ORDERED to file dispositional documents **within fourteen (14) days** of issuance of this order.

IT IS SO ORDERED.

Dated:   **March 8, 2022**

UNITED STATES MAGISTRATE JUDGE