# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY JORDAN,<br><br>        Plaintiff,<br><br>    v.<br><br>FCA US, LLC,<br><br>        Defendant. | Case No. 1:19-cv-01527-AWI-SAB<br><br>ORDER REQUIRING EACH PARTY TO PAY SANCTIONS OF $100 PER DAY UNTIL DISPOSITIONAL DOCUMENTS ARE SUBMITTED |

## I.
## BACKGROUND

Plaintiff Kimberly Jordan initiated this action on October 28, 2019. (ECF No. 1.) On August 18, 2021, the parties submitted a notice of settlement. (ECF No. 23.) On August 19, 2021, the Court issued an order vacating all matters and requiring the parties to file dispositional documents within thirty days of entry of the order. (ECF No. 24.) The parties did not file dispositional documents by September 20, 2021. On March 1, 2022, the Court issued an order to show cause why monetary sanctions should not issue for the failure to comply with the Court's orders. (ECF No. 25.) On March 4, 2022, both parties filed "responses" to the Court's order to show cause. (ECF Nos. 26, 27.) The Court found the parties' filings did not explain why they had delayed over five months in filing their dispositional documents and instead merely rehashed the prior dispute that occurred in July 2021. (ECF No. 28.) Nonetheless, the Court discharged

the March 1, 2022 order to show cause and ordered the parties to file dispositional documents within fourteen days, i.e., by March 22, 2022.

The parties did not file dispositional documents on March 22, 2022. For the reasons discussed further herein, the Court shall issue sanctions for the parties' failure to comply with the Court's order.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim.

P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

## III.

## DISCUSSION

This Court has now admonished the parties on multiple occasions for their failure to comply with its orders. As the Court discussed in its March 1, 2022 order to show cause, it has already ordered the parties to file dispositional documents in this litigation twice. The first order to file dispositional documents followed the parties' July 16, 2021 "joint statement of settlement and setting trial date," in which the parties acknowledged a settlement agreement had been signed November 24, 2020, but Plaintiff nevertheless requested the Court set a trial date and Defendant proffered it believed the parties could "work to an agreement without a trial date and without further intervention from the Court." (ECF Nos. 21, 22.) At that time, the parties explained that, after they had reached a settlement agreement, Defendant learned Plaintiff was in default of her loan, her vehicle was to be repossessed, and a lien would be issued after the sale of the vehicle. (ECF No. 21.) The parties further explained that a sale had occurred, an outstanding balance on the vehicle remained due, Plaintiff refused to hold Defendant harmless against the lienholder, and the parties were still attempting to resolve all matters. (Id.) At that time, the Court reminded the parties that, pursuant to the Local Rules:

> When an action has been settled or otherwise resolved by agreement of the parties . . . it is the duty of counsel to immediately file a notice of settlement or resolution." L.R. 160(a); see also L.R. 160(b) ("Upon such notification of disposition or resolution of an action or motion, the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause.") As the Court previously informed the parties, if a party believes that a binding settlement has been reached, but the other side disagrees or refuses to acknowledge a settlement or otherwise refuses to perform, then the appropriate course is to file a motion to enforce settlement.

(ECF No. 22 at 2.) After again reminding the parties of their duty to notify the Court of

1  settlement and file dispositional documents pursuant to Local Rule 160, the Court also directed
2  the parties to

> further meet and confer regarding finalizing the settlement, and file *either* **dispositional documents**; a **motion to enforce settlement**; *or* a **joint statement describing why the settlement is not enforceable under the previously provided legal authorities, along with a joint request to set a trial date**, within thirty (30) days of entry of this order.

(Id. (emphasis added).)  Thus, the Court provided multiple options to the parties to facilitate the final settlement and adjudication of this matter.  Indeed, the Court even provided additional leeway to the parties:

> If the parties require additional time to confer with the nonparty lender's counsel, **the parties may submit a request setting forth a proffer of good cause to extend the time to confer**.

(Id. (emphasis added).)  Of these options, the parties chose to file a notice of settlement, thus representing to the Court that the matter had been finally settled.  But the parties also informed the Court that they did not intend to file dismissal papers until all settlement terms were completed and payment received, an estimated ninety days later, a statement that was inconsistent with the Court's order.  (ECF No. 23.)

The Court did not sanction the parties at this time for noncompliance, but instead issued its second order to file dispositional documents, and a second reminder to the parties of their duty under Local Rule 160.  (ECF No. 24.)  On August 19, 2021, the Court directed the parties to complete the terms of the settlement agreement based on their previous filings and file dispositional documents within thirty days, *i.e.*, by September 20, 2021.  (Id.)

The parties again did not file dispositional documents by the filing deadline.  Nor did they file a status report, request for additional time, or any of the other options outlined in the Court's July 19, 2021 order.  Indeed, the parties filed nothing — for over five months — until the Court prodded them to do so with its issuance of the March 4, 2022 order to show cause.  As the Court noted on March 8, 2022, the "responses" were largely nonresponsive, as they again rehashed the same prior disputes occurring in July 2021, and noting the parties' continued debate regarding attorneys' fees and "a handful of other matters."  (ECF No. 26 at 2.)  Plaintiff, in the face of all of

the Court's prior admonishments and reminders that the Court generally does not retain jurisdiction to oversee that the parties comply with the terms of the settlement after an agreement is signed, asked the Court not to dismiss the matter until all terms of the settlement have been met or Plaintiff has filed her fee motion. (ECF No. 27.) These responses were not well-taken.

Nonetheless, the Court discharged its order to show cause and directed the parties a third time to file their dispositional documents, setting a hard deadline of March 22, 2022, for the filing. (ECF No. 28.) As noted, the parties again failed to file dispositional documents by the deadline. Instead, Plaintiff filed a bill of costs and a motion for attorneys' fees. (ECF Nos. 29, 30.) Neither of these documents constitute a notice of dismissal, nor did the Court give leave to the parties to submit these filings on the filing deadline in lieu of their dispositional documents.[1] To the contrary, the Court cautioned the parties that it would not grant any further extensions on the dispositional document filing deadline absent an extremely strong showing of good cause. But the parties have proffered no reasons for their failure to comply with the Court's order, nor have they requested a continuance of the filing deadline. Thus, the parties have, again, failed to comply with this Court's orders.

In sum, the parties signed their settlement agreement on November 24, 2020. The Court has provided multiple extensions and opportunities for the parties to resolve their remaining disputes and conclude this litigation. Yet, this is the third order to file dispositional documents that the parties have ignored. In light of the parties' demonstrated pattern of blatantly disregarding this Court's authority and its orders, and their instant failure to comply with the Court's March 8, 2022 order to file dispositional documents, sanctions are warranted.

## IV.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff Kimberly Jordan and Defendant FCA US, LLC are each SANCTIONED in the amount of **$100.00 per day, starting March 23, 2022**, and continuing for every day that the parties fail to file dispositional documents in

---

[1] The Court also notes that neither a bill of costs or motion for attorneys' fees must be filed prior to the submission of dispositional documents.

compliance with the Court's March 8, 2022 order (ECF No. 28).  If no dispositional documents have been filed by March 30, 2022, the daily sanctions issued against each party will increase to $200.00 per day.  These sanctions shall continue to accrue each day against each party and increase in rate each week until the parties have complied with the Court's order to file dispositional documents.

IT IS SO ORDERED.

Dated:   **March 23, 2022**

UNITED STATES MAGISTRATE JUDGE